IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE MEKASHA,<br><br>                  Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                  Defendant. | 8:20-CV-285<br><br>**MEMORANDUM AND ORDER** |

## I.    INTRODUCTION

Defendant, United States Postal Service (USPS), moves to dismiss Eddie Mekasha's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Because the Court finds this suit is barred by sovereign immunity, it grants USPS's Motion to Dismiss.

## II.    BACKGROUND

Eddie Mekasha alleges that in March 2020 he paid USPS to ship a package containing eyeglasses and a book manuscript. Filing 1-1 at 3, 5. After repeated delays, USPS failed to complete the delivery and instead returned the package to Mekasha. Filing 1-1 at 3. Mekasha filed suit in small-claims court in Douglas County, Nebraska. Filing 1-1 at 3. USPS removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) authorizing removal of civil actions against an agency of the United States. Filing 1 at 1. USPS now seeks to dismiss Mekasha's Complaint for lack of subject-matter jurisdiction. Filing 6 at 1. Specifically, USPS argues it is shielded from Mekasha's claim by the doctrine of sovereign immunity.

## III.    ANALYSIS

### A.  Standard of Review

1

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),[1] the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843–44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730.

When the complaint is factually challenged, "[t]he plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [the court] may look at materials 'outside the pleadings'" when determining whether it has jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "[N]o presumptive truthfulness attaches to [the plaintiff's] allegations, and the existence of disputed material facts will not preclude [the court] from evaluating . . . the merits of jurisdictional claims." *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d at 730). "It is the court's duty to 'decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue.'" *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d 724).

### B. Sovereign Immunity

---

[1] A motion to dismiss for lack of subject-matter jurisdiction may be asserted at any time. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011).

2

USPS argues this Court lacks subject-matter jurisdiction over Mekasha's claim because it is shielded by sovereign immunity. Filing 7 at 2-4. Mekasha does not respond to USPS's argument regarding sovereign immunity, but instead files a response again expressing his frustration with the failed shipment and includes copies of the book manuscript which was part of the package as well as the customs declaration notice he filled out when shipping the package. Filing 8 at 1-5. The Court concludes Mekasha's claim is barred by sovereign immunity and should be dismissed.

Sovereign immunity "shields the Federal Government and its agencies from suit" unless Congress has waived that immunity. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)). "Because the Postal Service 'is an independent establishment of the executive branch of the Government of the United States,' with 'significant governmental powers,' it 'enjoys federal sovereign immunity absent a waiver.'" *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–84, 126 S. Ct. 1252, 163 L. Ed. 2d 1079 (2006)).

The Federal Tort Claims Act waives sovereign immunity to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409. This waiver is limited, however, by a number of express exceptions, including "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). "[T]he proper objective of a court attempting to construe one of the subsections of 28 U.S.C. § 2680 is to identify those circumstances which are within the words and reason of the exception—no less and no more." *Najbar*, 649 F.3d at 871 (quoting *Dolan*, 546 U.S. at 492, 126 S. Ct. at 12260). The United States Supreme Court has read "negligent transmission" to embody "negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 481, 126 S. Ct. at 1254.

Mekasha's claim falls squarely within the prohibition on suits involving allegedly negligent transmission of mail. He claims his package was repeatedly delayed before being returned to him instead of delivered to its intended destination. *See* Filing 1-1 at 3-5; Filing 8 at 1. Because the United States has not waived its sovereign immunity for suits involving negligent transmission of mail as Mekasha alleges here, this Court lacks subject-matter jurisdiction over Mekasha's suit. *See Najbar*, 649 F.3d at 873 ("We conclude that the postal-matter exception bars this lawsuit."); *see also Richter v. U.S. Postal Serv.*, No. 8:12CV428, 2013 WL 2897024, at *4 (D. Neb. June 12, 2013) ("[T]he United States enjoys sovereign immunity for the negligent transmission of postal matter, including the failure to deliver the postal matter at all [and t]herefore, Plaintiff's claims relating to the mishandling of her mail must be dismissed because this court lacks subject matter jurisdiction."); *Johnson v. United States*, No. 8:80CV314, 2009 WL 236375, at *3 (D. Neb. Jan. 29, 2009) ("[T]he United States enjoys sovereign immunity for lost-mail claims."). Accordingly, USPS's Motion to Dismiss for lack of subject-matter jurisdiction is granted.

## IV. CONCLUSION

For the foregoing reasons, USPS's Motion to Dismiss, Filing 6, is granted. Accordingly,

IT IS ORDERED:

1. United States Postal Service's Motion to Dismiss, Filing 6, is granted; and
2. The Court will enter a separate judgment.

Dated this 20th day of October, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge